CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 05 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARSHALL DEWAYNE WILLIAMS,<br>    Petitioner, | Civil Action No. 7:16-cv-00548 |
| v. | MEMORANDUM OPINION |
| WARDEN,<br>    Respondent. | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Marshall DeWayne Williams, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that the federal Bureau of Prisons is holding him illegally because he has already served his federal sentences. The parties filed motions for summary judgment, and this matter is ripe for disposition. After reviewing the record, the court grants Respondent's motion for summary judgment and denies Petitioner's motion for summary judgment.

Petitioner has been convicted of multiple separate crimes by a state court and two different federal district courts. Petitioner believes that the most recent federal sentence imposed by the United States District Court for the Western District of Tennessee ("Tennessee Federal Court") is unlawful because of how the court wrote the sentence in the amended judgment: "96 months to be served consecutive to the undischarged sentences [of 109 years] in case number CR3-84-148-G out of the [United States District Court for the] Northern District of Texas and case number 85C-2 out of the 86th Judicial District Court, Rockwall County, TX."

Petitioner interprets "and" to mean "or," concluding that the conjunction created two possible sentence beginning dates. Thus, Petitioner believes the sentence imposed by the Tennessee Federal Court could begin upon completion of the 109-year sentence "in case number CR3-84-148-G out of the [United States District Court for the] Northern District of Texas [or] case number 85C-2 out of the 86th Judicial District Court, Rockwall County, TX." Petitioner

believes that the sentence imposed by the Tennessee Federal Court is illegal and void because it cannot be determined when the consecutive sentence actually begins.

The court rejects Petitioner's illogical interpretation of the word "and"; the use of "and" in the judgment is clear and unambiguous. Furthermore, the challenged judgment from the Tennessee Federal Court was entered in November 2012, and the sentence for case number 85C-2 out of the 86th Judicial District Court of Rockwall County had already been discharged on August 11, 2005, while in federal custody via the state's mandatory supervision certificate. Even if the court treated "and" as meaning "or," the judgment clearly states the sentence is consecutive to "undischarged" sentences. Consequently, the judgment has to run consecutive to the undischarged 109-year sentence from the United States District Court for the Northern District of Texas, not the discharged sentence from the state court.

Accordingly, the sentence imposed by the Tennessee Federal Court will not commence until the 109-year sentence imposed by the Texas Federal Court is satisfied. The record could not lead a rational trier of fact to find in Petitioner's favor, and Petitioner's argument that he is entitled to default judgment is frivolous. Accordingly, Respondent's motion for summary judgment is granted, and Petitioner's motion for summary judgment is denied.

ENTER: This 5th day of July, 2017

/s/ Michael F. Urbanski
United States District Judge